The case we have for hearing is Gary Wilson, Charlotta Wilson, and Matthew Wilson v. Robinson Township. Thomas Magg and he's up in the back. Mr. Magg. May it please the Court. Counsel. My name is Thomas Magg and I represent Gary Wilson, Charlotta Wilson, and Matthew Wilson. This is a relatively simple case. The issue in this case concerns a desired eminent domain of a road in Crawford County, Illinois near Robinson. The crux of the argument on appeal is that Robinson Township did not properly pursue eminent domain action. Mr. Magg, I understand there were two cases here. One was the eminent domain case and then one was the case involving the township widening the road. The record in this case indicates that there was a prior case, 12-ED1 I think is the case number. The only reference we have in the entire record of this case, of that other case other than it existed, is an order from Judge Harrell that reconsidered a valuation of some property. Was 10-ED1 the case that actually took the property? I was not the counsel on the underlying action. That was before I became involved. If I were to guess, I would guess yes, I have not reviewed that file. I've only looked at the record in this case. And the record in this case is devoid of that answer, but the answer is probably. The issue, though, in this case is whether or not this entire eminent domain action of Robinson and that case, ED1, is void of an issue. In sum, our Supreme Court in 1966 in Golden v. Moore said quite clearly and unequivocally that there had to be the ordinance adopted and the administrative action of the township before they could even proceed with a court action. If we assume, even though it's not in the record, that 12-ED1 was that eminent domain taking action, they flipped it completely backwards and had a court action that could not have been filed legally, because there was no ordinance following it in the first place, at least none that I've seen in this record, which makes the entire affair void of an issue and Robinson Township needs to do it all over again. That's the crux of the complaint in this case. Didn't you file 13-MR4? No. Who did? I'd have to look, but it was not me. Well, I mean, the plaintiff here. My client filed it, yes. And that was a complaint for administrative review, not attacking the eminent domain order. If you look at the first couple of paragraphs, perhaps even the first paragraph itself, it directly challenges the entirety of these proceedings. Why wasn't an appeal taken from 10-ED1? I don't have an answer to that question. I mean, if, in fact, that order is void ab initio, as you say, it seems to me you could still attack 10-ED1. I agree. We could still attack 12-ED1, 10-ED1, but as this court found in People v. LaVelle, which is cited in my brief, a void order can be attacked at any time either directly or collaterally. This is a collateral attack. So you're saying it's a collateral attack in a separate proceeding? Yes. And your pleadings would raise that issue? Yes, very clearly in the first, if not the first paragraph, the first couple of paragraphs. And that is really what we're appealing here is Judge Harrell did not even consider these collateral attacks in her ruling. If you look at her ruling, what she's simply finding is that the township, in making its findings a fact, did not abuse its discretion or was not against the manifest way to the evidence. We don't even raise those issues on appeal. What we're taking up on appeal and what we're requesting this court to do is find that Judge Harrell, the circuit court, did not even address the issue of whether the underlying matter was properly done. And we're asking this court to reverse Judge Harrell and send it back to Crawford County for a factual finding of whether the procedural niceties, for lack of a better description, were compliant. And it's our position that they weren't. The order on valuation, which is in 10ED1, if it's the same piece of property, which, again, the record is not crystal clear, but I presume it is, that order was dated 8-21-2012. The public hearing that ultimately led to this case in Robinson Township was held on 8-27-2012, six days after the fact. In Goldman v. Moore, our Supreme Court said, even if there's no actual prejudice, the unseemly appearance mandates that the whole matter be reversed. In sum, Robinson Township has to start from the beginning. And we would ask that this court vacate Judge Harrell's order, send this back, again, for a factual finding of what is factually true as to what happened. If it turns out that what my clients contend is factually wrong, presumably the evidence will be adduced to that, and the trial court can be intercepted in order to that effect. If what my clients are pleading is correct, then there's a simple application of Goldman v. Moore. We just want what we've planned to be ruled on and heard by the trial court, whether or not the township could, in the abstract, with what was before it, take this problem. Would you agree that, I'm a little concerned, why did you sue Robinson Township? That's a separate entity than the road commissioner. The road commissioner is a distinct political entity, right? I don't know if that issue was ever raised in the lower court. Well, the appellees say that the proceeding that you're going under is really a proceeding to widen the road, which is under a totally different statute, 605 ILCS 5-6-207. Okay. Is that incorrect? Do you take a different position? We take the position that, as the Supreme Court said in Goldman, in order for there to be an eminent domain proceeding filed in the circuit court, there has to be an underlying ordinance, finding, ruling, something to that effect, some authority for the eminent domain proceeding to be filed in the first place. And I understand that principle of law, but in this particular case, it seems that what you're appealing is the decision to widen the road. You're appealing an administrative ruling that's separate and distinct from what the township has to do on an eminent domain proceeding. Except there was an order issued, presumably in reliance upon 10ED1 and this after-the-fact administrative hearing to actually widen the road. And if the entire affair is void of an issue of it being improperly done, then that's an improper order in the first instance. Do you think that the proper method would have been for the highway commissioner to file a condemnation proceeding under the statute? I think the proper procedure would have been to adopt an ordinance and then file a condemnation proceeding, yes. In the proper order. You can't build the house until you pour the foundation. And in your view, the condemnation proceeding is the same as the eminent domain proceeding? There may be a minute difference, but it's substantially the same thing. I mean, the issue that was in 12 or 10ED1, based on the record in this case, which is what we're all stuck with, is simply to determine value of property, assuming that it was an otherwise proper action. So we're not even there if that's not the case, but since we're limited to the record here, we don't know. And that's part of why we want this sent back to the trial court, is to have a complete record with findings of fact. Has the road been widened? To my knowledge, nothing has actually been done. But again, that's outside the record. Unless there are any further questions, I'll speak with you again on our rebuttal portion. Thank you very much. Thank you. Mr. Atkinson? Counsel, Mr. Wilson, may I please report? Your Honors, there are two distinct cases that relate to these parts. Robinson Township, Mr. Wilson, there's 10ED1, which is an eminent domain case. It's not just providing the value of property. It's an eminent domain case from beginning to end. It's the taking of property. Then there's a trial held to determine the value of the property. That was done. There was a challenge to that. That was done. And that case was ultimately over on August 21, 2012. That's an eminent domain case. The taking has happened. If Mr. Wilson wanted to challenge the process of the taking or any other part of the taking, he could have filed an appeal from that case. In this case, the court must assume that that eminent domain was done properly. It was done properly, but the court must assume it was because it's over and it hasn't been challenged, and it can't be challenged here. You would agree that a void order can always be challenged? I do, Your Honor. And if there wasn't an ordinance placed in effect prior to the taking, do you agree that that's invalid taking? If the taking was done improperly. If an ordinance wasn't passed or some authority from the taking wasn't present, that would be a void order. It would be. There was authority, but, yes, it would be. But what has been appealed in this case? The 13MR, maybe it's 13MR4. What has been appealed is a statutory scheme relating to a petition to alter a township roadway. In this case, the township went from beginning to end in order according to that statute. First there's a public hearing. Then there's another public hearing. Then, after the appropriate findings have been made, you may take the property. That taking was done, properly done. Then there's more to it. So when counsel refers to a public hearing taking place after the eminent domain proceeding, that's true. But that's what the statutory scheme provides. There were also public hearings done before the taking in accordance with the complete statutory procedure. The only thing that would have been before Judge Harrell in this case was a complaint for administrative review to review the decision of the county superintendent of highways. His decision was to grant the petition for alteration of a township highway. He granted it. He could have denied it. He granted it. The complaint for administrative review is then a review of his decision. She's reviewing whether or not there is sufficient evidence in the record to support that administrative decision. There was. There were hearings. There were lots of people to say, yes, the roadway should be straightened. Mr. Wilson said, no, the roadway should not be straightened. But the county superintendent of highways, per all of that, made this decision. The complaint for administrative review then is an appeal of that decision. And this is an appeal of Judge Harrell's affirmation of that decision. How does Robinson Township get involved in this? Why are they a part of it? I believe the statutory scheme allows them to be the party who files for, I guess in this particular case, 13-MR-4, I'm not sure I would answer, I wouldn't be able to answer that question as to why they are the named defendant. I believe they were the properly named plaintiff in 10-ED-1, but I guess I couldn't speak as to whether or not. This is a township road, isn't it? It is a township road. You have a township highway commissioner who makes the decision, right? Who makes the decision. To widen the road. Well, there's a statutory scheme. First, there's a petition for alteration of a township roadway. Filed by the highway commissioner. No, filed by 15 members of the public. Okay. Within the township. Okay. Then, Mr. Wackenmayer, who's the township highway commissioner, has a public hearing. And he decides whether or not to grant that petition that's been filed by 15 members of the public. And then, his decision can ultimately be appealed to the county superintendent of highways, who basically affirms what the township highway commissioner granted. And then that gets appealed to the circuit court, who then grants what the county superintendent of highways. Right. These entities are independent of these townships, unless they're, you tell me, unless they're co-terminants. Highway commissioners have their own budgets. They, under the statutory scheme, they make the decision, after these hearings, on whether to widen roads. If people don't like it, it goes to the singular county engineer. And then if you don't like it, you get an administrative review. Right. The township was involved in the taking. I'm sorry, what's that? The township was involved in the taking. Yes, Your Honor. But I don't see where the township is involved in the decisions of the highway commissioner. Or then the county commissioner. I'm sorry, the county superintendent of highways. Right. And I would understand. Have you looked at that? I have not looked at that in depth, but I do understand what Your Honor is saying. And I guess I'm not taking a position either way as to whether in 13-MR-4, Robinson Township should have been the name of the defendant, as opposed to just Childress County Superintendent of Highways. Either way. Okay. The position of Robinson Township simply is, what Mr. Wilson is asking this court to look at today is an imminent domain case. But this court may not look at an imminent domain case on appeal of 13-MR-4. The primary case cited by Mr. Wilson is the Goldman v. Moore case. That's an imminent domain case. I think the first sentence of that case is, this proceeding is here on an imminent domain case. So, again, that's a different style of case than an appeal on a complaint for administrative review, which relates to the alteration of the Township Roadway. If Mr. Wilson were here arguing, again, that there's not evidence to support the alteration of the Township Roadway, we could argue that. But it's not even been raised as counsel noted. So, for that reason, this court should affirm the decision of Judge Harrell, which affirmed the decision of the County Superintendent of Highways to grant the petition to alter the Township Roadway. Thank you. Thank you. Mr. May? Thank you, Your Honor. Just to clarify an answer I gave to one of your questions earlier, I have confirmed that the modification has not taken place. Apparently, there are still soybeans growing on the ground in question. Thank you. Unless Your Honors have any further questions, I don't have anything further on the problem. What about his argument that you can't bring up the imminent domain in this case? Again, this is a collateral attack. City of Chicago, the Fair Employment Practices Commission, 65 Illinois 2nd, 108, Pointside 112, 1976. Any actions beyond the scope of the jurisdiction are void and may be attacked at any time or in any court, either directly or collaterally. This is a collateral attack. We contend that proceedings in this case are void. Judge Harrell did not address those, and that is what we're asking this court to reverse it on and remand this case back to the Circuit Court with instructions to make factual findings and adduce evidence on that issue. Is there nothing further? Thank you. Thank you. We'll take the matter under advisement and have an opinion I'll work with.